# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TONY CHANEY, | |
| Plaintiff, | |
| v. | Case No. 19-cv-05858 |
| | Judge Martha M. Pacold |
| EXTRA SPACE STORAGE INC., | |
| Defendant. | |

## ORDER

Plaintiff Tony Chaney filed this suit alleging that defendant Extra Space Storage Inc. violated a number of state and federal laws when renting a storage space to Chaney. The operative complaint is the amended complaint filed on October 21, 2021. [60]; [70].[1] Extra Space has moved for judgment on the pleadings. [65]. For the reasons set forth below, the motion [65] is granted. This case is dismissed with prejudice. The Clerk of Court is directed to update the name of defendant from "Extra Space, Corporation" to "Extra Space Storage Inc." Final judgment will enter. Civil case terminated.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (citation and internal quotation marks omitted).

The legal standard for a motion for judgment on the pleadings "is the same" as for a motion to dismiss. *Id.* at 313 ("The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same."). "Accordingly, the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. Gen. Elec. Cap. Corp.*, 12 F.3d 686, 688 (7th Cir. 1993) (citation and internal quotation marks omitted). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. As with a motion to dismiss, the court views all facts and inferences in the light most

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

favorable to the non-moving party." *Federated Mut. Ins. Co.*, 983 F.3d at 313 (citations and internal quotation marks omitted).

The standard for a motion to dismiss (again, the same standard that applies to this motion for judgment on the pleadings) is as follows: Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015) (citation omitted).

A *pro se* complaint must be construed liberally, and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A *pro se* plaintiff need not plead legal theories; it is the facts that count. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). "Rule 8(a) does not require plaintiffs to 'pin' their claim for relief to any particular legal theory at the pleading stage. . . . Put another way, federal pleading standards do not demand that complaints contain all legal elements (or factors) plus facts corresponding to each. . . . The cornerstone at the motion to dismiss stage remains for district courts to treat all allegations as true and to draw all reasonable inferences in the plaintiff's favor." *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) (citations and internal quotation marks omitted).

As noted above, when resolving a Rule 12(c) motion, the court may consider the pleadings; and "[p]leadings include the complaint, the answer, and any written instruments attached as exhibits," *Federated Mut. Ins. Co.*, 983 F.3d at 312 (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 10(c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998).

## DISCUSSION

Chaney originally filed this action in the Circuit Court of Cook County. [1]. Extra Space removed the action, and Chaney filed a motion for remand and sanctions, which the court denied. [35]. The court granted Chaney leave to file a first amended complaint, and Chaney filed that amended complaint. [43]; [44]; [45]. Extra Space filed a motion to dismiss. [46]. In response, Chaney filed a motion to withdraw his first amended complaint and file another amended complaint, which the court granted, mooting the motion to dismiss. [59]. Chaney thereafter filed the operative (effectively second) amended complaint. [60]. Extra Space answered the complaint and moved for judgment on the pleadings.[2] [63]; [65].

Chaney's complaint alleges that he was a customer of Extra Space and was required to purchase rental insurance. [60] ¶ 9. The complaint alleges that Chaney is a "permanently handicapped black male" and a qualifying individual under the Americans with Disabilities Act (ADA). *Id.* ¶ 10. Chaney alleges that he was denied the use of Extra Space's restroom facilities; his storage unit was burglarized on several occasions; Extra Space's manager refused to assist law enforcement officers in apprehending the burglars; and Extra Space's storage facility has a "rodent infestation problem that the manager refused to address." *Id.* ¶¶ 11–16.

The complaint need not plead legal theories. However, the complaint here alleges violations of: (1) the federal Racketeer Influenced and Corrupt Organizations Act (RICO), specifically 18 U.S.C. § 1961(1)(A) and §§ 1503, 1511, 1512; (2) the "State of Illinois R.I.C.O. Statutes"; (3) 18 U.S.C. § 242 "Deprivation of Rights Under Color of Law"; (4) "Illinois Statute 200 § 500-107(C)"; (5) the "Due Process and Equal Protection" provisions of "Article II of the Illinois Constitution"; (6) "Article 33G. Illinois Street Gang and Racketeer Influenced and Corrupt Organizations Law"; (7) "19-1 (Burglary)"; and (8) "The State laws of the forty (40) states that mirror Illinois § 500-107 that govern the regulation of self-storage

---

[2] Chaney made a belated attempt, without leave of court, to file another (effectively third) amended complaint. The court granted Extra Space's motion to strike that complaint. Specifically: After the court granted Chaney's motion to withdraw his first amended complaint, mooting Defendant's motion to dismiss, the court set a deadline of October 15, 2021 for Chaney to file a second amended complaint. [59]. Chaney timely mailed to the court the operative (effectively second, although not titled as such) amended complaint on October 14, 2021. [60]. Extra Space timely answered the operative amended complaint on November 5, 2021 and moved for judgment on the pleadings on November 8, 2021. [63], [65]. In the meantime, Chaney mailed to the court another amended complaint—without seeking leave to amend, and well after the October 15, 2021 deadline the court had previously set—which was docketed after Extra Space had already responded to the operative complaint and filed the instant motion for judgment on the pleadings. Extra Space filed a motion to strike that (effectively third) amended complaint, which this court granted. [70].

facilities." *Id.* ¶¶ 1–7. Thus, the court addresses these claims. However, the question is whether, with or without the legal citations, the factual allegations, taken as true and liberally construed, state a plausible claim for relief. *Zimmerman*, 25 F.4th at 493.

Some of Chaney's claims are not cognizable causes of action. There is no Illinois law conferring a private cause of action for RICO violations; 720 ILCS 5/33G-1, *et seq.*, is part of the criminal code. 18 U.S.C. § 242 is a criminal statute. There is no Illinois state law private cause of action for burglary. To the extent Chaney is attempting to state a claim for conversion, a plaintiff must allege: "(1) a right to the property; (2) an absolute and unconditional right to the immediate possession of the property; (3) a demand for possession; and (4) that the defendant wrongfully and without authorization assumed control, dominion, or ownership of the property." *Van Diest Supply Co. v. Shelby Cnty. State Bank*, 425 F.3d 437, 439 (7th Cir. 2005). Even liberally construing Chaney's complaint, he has not alleged facts giving rise to a plausible inference that Extra Space has wrongfully and without authorization assumed control, dominion, or ownership of property belonging to Chaney. Additionally, Chaney has cited no authority, nor could the court find any, that the Illinois constitution recognizes a private cause of action for Due Process or Equal Protection violations against private entities. *Cf. Methodist Med. Ctr. v. Taylor*, 140 Ill. App. 3d 713, 717 (1986) ("Both [the due process and equal protection] clauses under both [the Illinois and federal] constitutions stand as a prohibition against governmental action, not action by private individuals."). Accordingly, claims two, five, and six are dismissed with prejudice.

The court construes the complaint as attempting to state the following claims: (1) breach of the rental agreement; (2) 215 ILCS 5/500-107 (Chaney's complaint cited "200 § 500-107," but appears to refer to 215 ILCS 5/500-107); (3) federal civil RICO pursuant to 18 U.S.C. § 1964(c); (4) the ADA; and (5) 42 U.S.C. § 2000a.

Chaney's complaint alleges that he rented a unit from Extra Space, that his unit was burglarized on several occasions, that Extra Space did not assist law enforcement in apprehending the burglars, and that there is a rodent infestation problem. [60] ¶¶ 9, 12, 13, 15, 16. The court construes these allegations as attempting to state a claim for breach of the parties' rental agreement. In its answer, Extra Space attached the parties' rental agreement, which the court may consider. *Federated Mut. Ins. Co.*, 983 F.3d at 312. Page 2 of the agreement contains the following in bold, all caps text:

**OPERATOR IS NOT A WAREHOUSEMAN ENGAGED IN THE BUSINESS OF STORING GOODS FOR HIRE, AND NO BAILMENT IS CREATED BY THIS AGREEMENT. OPERATOR EXERCISES NEITHER CARE, CUSTODY, NOR CONTROL**

4

**OVER CUSTOMER'S STORED PROPERTY AND ALL PROPERTY STORED WITHIN THE SPACE OR AT THE FACILITY BY CUSTOMER SHALL BE STORED AT CUSTOMER'S SOLE RISK.**

[63-1] at 3. The rental agreement further provides:

> Operator and Operator's Agents shall not be liable to Customer for any damage or loss to any person or property at the Facility and to any property stored in the Space, arising from any cause whatsoever, including, but not limited to, theft, . . . rodents, . . . partial or sole negligence or failure to act of Operator or Operator's Agents, except for damage or loss resulting from Operator's fraud, gross negligence or willful violation of law. Customer shall indemnify and hold Operator and Operator's Agents harmless from any and all damage, loss, or expense arising out of or in connection with any damage to any person or property, occurring in the Space or at the Facility arising in any way out of Customer's use of the Facility, even if such damage or loss is caused entirely or in part by the negligence of Operator or Operator's Agents.

*Id*.

The plain text of the parties' agreement makes clear that Extra Space and its agents are not liable for any damage from theft or rodents. Further, Chaney has not pleaded factual allegations giving rise to a plausible inference that this case falls within the exception in the agreement—i.e., he has not pleaded factual allegations from which it can plausibly be inferred that he incurred damage resulting from Extra Space's fraud, gross negligence, or willful violations of law.

Chaney's response alleges that the lease contract was "void" from the outset because Extra Space required that each customer purchase insurance from an insurance company that is supplied by Extra Space and that each customer must pay an administration fee. Chaney alleges that this fee is designed to help Extra Space commit tax fraud. Chaney's allegations regarding tax fraud are wholly implausible. The remaining allegations related to requiring Chaney to purchase insurance and to pay an administration fee are insufficient to give rise to a plausible inference that Extra Space committed fraud rendering the contract

voidable. Accordingly, Chaney has not alleged a viable breach of contract claim related to the parties' rental agreement.[3]

Chaney also alleges that Extra Space violated 215 ILCS 5/500-107 and "[t]he State laws of the forty (40) states that mirror" this statute. Liberally construing Chaney's complaint and his response brief, it appears that Chaney believes Extra Space violated 215 ILCS 5/500-107(b), which states that "[i]nsurance may not be offered by a self-service storage limited line producer" unless the producer meets certain requirements. Chaney's complaint does not include sufficient factual allegations to support a plausible inference that Extra Space is a "self-service storage limited line producer," and even if it had, it does not contain any other allegations giving rise to a plausible inference that Extra Space violated this statute. Accordingly, Chaney has not alleged a plausible claim that Extra Space violated 215 ILCS 5/500-107. Similarly, the complaint does not contain allegations giving rise to a plausible inference that Extra Space has violated the unspecified laws of 40 other unspecified states.

As to the allegations that Extra Space committed civil RICO violations: First, these allegations are wholly implausible and factually frivolous, and the court need not accept them. *Atkins v. Sharpe*, 854 F. App'x 73, 75 (7th Cir. 2021) (district courts do not abuse discretion in rejecting "[i]rrational, fanciful, fantastic, delusional, or incredible allegations"). Second and independently, "[p]redicate acts" constituting racketeering activity "are acts indictable under a specified list of criminal laws, 18 U.S.C. § 1961(1)(B)." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). Chaney's complaint does not specify what actions Extra Space engaged in that constituted racketeering activity. The complaint need not plead legal theories, nor must it "contain all legal elements (or factors) plus facts corresponding to each." *Zimmerman*, 25 F.4th at 493 (citation and internal quotation marks omitted). Nonetheless, "[t]he required level of factual specificity rises with the complexity of the claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014) (citation and internal quotation marks omitted). Even when liberally construed, Chaney's complaint does not adequately allege any predicate acts; without any plausible allegations of a pattern of racketeering activity, there is no plausible RICO claim. *See Wagner v. Magellan Health Servs., Inc.*, 125 F. Supp. 2d 302, 305 (N.D. Ill. 2000).

Chaney's allegations that Extra Space violated the ADA by denying him access to the restroom facilities similarly do not state a claim. 42 U.S.C. § 12182(a) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

---

[3] Although neither party has raised the issue, to the extent that Chaney's complaint can be construed as asserting a negligence claim, any such claim cannot proceed because the parties' contract explicitly disclaims Extra Space's liability for negligence and, for the reasons already stated, Chaney does not plausibly allege that the contract was void.

advantages, or accommodations of any place of public accommodation." "The core meaning of this provision . . . is that the owner or operator of a store, hotel, restaurant, dentist's office, travel agency, theater, Web site, or other facility (whether in physical space or in electronic space) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do." *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999) (internal citation omitted). Chaney's complaint merely states that he was "denied" use of the restroom facilities. This conclusory assertion does not support a plausible inference that Extra Space treated Chaney differently from nondisabled persons with respect to the facility.

Finally, 42 U.S.C. § 2000a(a), Title II of the Civil Rights Act of 1964, provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." "Title II prohibits discrimination in public accommodations . . . ." *Welsh v. Boy Scouts of Am.*, 993 F.2d 1267, 1268 (7th Cir. 1993). Again, the complaint does not allege facts giving rise to a plausible inference that Chaney was discriminated against (treated differently because of race, disability, or another protected ground) in a place of public accommodation. *See Gillard v. Proven Methods Seminars, LLC*, 388 F. App'x 549, 550 (7th Cir. 2010) ("the statutes [plaintiff] has invoked would all require proof that she was treated differently because of her race, religion, or disability, yet the events she describes in her complaint do not raise even a plausible inference that Proven Methods kicked her out of its seminar on the basis of these forbidden grounds"); *Gillard v. Nw. Univ.*, 366 F. App'x 686, 689 (7th Cir. 2010) ("Gillard does not allege any facts raising a plausible inference that race (or any other protected ground) was a factor behind Northwestern's expulsion.").

Further, "[i]t is well established . . . that individual plaintiffs cannot recover damages for claims brought under Title II; rather, only injunctive relief is available as a remedy." *Alexander v. Priv. Protective Servs.*, Inc., No. 19-CV-10004, 2022 WL 1567447, at *2 (S.D.N.Y. May 18, 2022) (internal quotation marks and brackets omitted); *see also* 42 U.S.C. § 2000a–3; *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). Chaney's complaint seeks money damages, not injunctive relief.

The motion for judgment on the pleadings [65] is granted. Chaney has already been given two opportunities to amend his complaint. Any further amendment to the complaint would be futile. Therefore, this case is dismissed with prejudice. To the extent Chaney's June 30, 2022 filings, [83], [84], can be construed as a renewed request for recusal, that request is denied as there is no valid basis for disqualification under 28 U.S.C. § 455 or Canon 3 of the Code of Conduct for United States Judges. The Clerk of Court is directed to update defendant's name from

7

"Extra Space, Corporation" to "Extra Space Storage Inc."  Final judgment will enter. Civil case terminated.

Dated: September 14, 2022 _/s/ Martha M. Pacold_